*393 TEXTO COMPLETO DE LA SENTENCIA
La paite apelante, Francisco Rodríguez Vázquez y Regalada Jiménez Crespo, acude ante este Tribunal solicitando la revocación de la Sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI) el 3 de febrero de 2005, notificada el 8 de febrero de 2005. Mediante la misma, el TPI declaró ha lugar la demanda por daños y perjuicios presentada por la parte apelada en la que se reclamaba se le compensara por su participación en cierta propiedad vendida por los apelantes a un tercero.
Por los fundamentos que exponemos más adelante, se modifica la compensación ordenada y así modificada, se confirma la sentencia apelada.
I
La parte apelada presentó demanda contra la parte apelante en la que alegaba ser la dueña, junto a su ex-esposo, de una vivienda construida sobre el techo de una propiedad perteneciente a los apelantes, situada en la calle Francia de la Barriada Israel en Hato Rey. Se alegó que mediante escritura pública número seis (6) de fecha 27 de febrero de 1989, ante la notario María V. Chico Millar, los apelantes le cedieron los derechos de superficie sobre la referida estructura principal, para que la apelada junto a su esposo, quien era el hijo de los apelantes, construyeran la segunda planta en cuestión como vivienda de la pareja. 
Dicha construcción fue financiada a través de varios préstamos tomados por la apelada a la Cooperativa de Ahorro y Crédito Hermanos Unidos de Hato Rey. Una vez la obra fue terminada, la apelada conjuntamente con su esposo, la ocupó como su vivienda por varios años. En junio de 2001, esta parte abandonó la vivienda en vista del surgimiento de conflictos matrimoniales, que desembocaron en el divorcio de la pareja más tarde.
Ausente la apelada de este lugar, el apelante vendió la propiedad a un tercero mediante escritura número 181 “A” ante el notario Alberto C. Rafols Méndez, el 7 de diciembre de 2001 por el precio de $131,000.00. Esa transacción se realizó sin conocerlo la apelada, ni por supuesto, sin su aprobación. Al ésta enterarse de la transacción, reclamó por diferentes procesos que se le pagara su participación ganancial en la referida segunda planta. Al no poder recobrar dicha participación por otros medios, presentó la demanda que nos ocupa reclamando el pago de $20,000.00 a base de un valor estimado de $40,000.00 de la referida propiedad. Oportunamente, la parte apelante presentó la contestación a la demanda en la que negó las alegaciones principales de la demanda.
Luego del prolongado trámite judicial seguido en este caso, el TPI dictó Sentencia declarando ha lugar demanda y ordenó el pagó a la apelada de la suma de $28,543.20 por concepto de su participación ganancial en la segunda planta en controversia, cuyo valor total fue estimado por el TPI en la suma de $57,086.40. Determinó el Tribunal que la apelada había adquirido un derecho de superficie de parte de los apelantes, que la propiedad se construyó con capital ganancial y estimó el valor de la estructura en la cantidad anterior, adjudicándole un valor por pie cuadrado de construcción a toda la edificación, esto es, tanto la primera como la segunda planta, a la luz del precio de venta del inmueble.
La parte apelante presentó moción de reconsideración en la que cuestionó las determinaciones de hechos y de derecho, particularmente en cuanto al alcance de los derechos cedidos por los apelantes a la apelada y su esposo, el hecho de que se hubiera sufragado la construcción de la vivienda con fondos gananciales y finalmente imputó serios errores matemáticos y de cálculo en el método de valorización utilizado por el TPI. Dicha Moción fue declarada no ha lugar.
Inconforme, la parte apelante acude ante este Tribunal mediante el presente recurso de apelación y le imputa al TPI los siguientes errores:
Primer error:

*394
“Al evaluar el derecho de superficie, el Honorable Tribunal de Primera Instancia no distingue el derecho de superficie espacial del derecho propietario sobre el bien construido. Es imprescindible que para que exista el derecho sobre el bien construido, dicho derecho debe poder ser inscrito y transmitido. Ninguna de las dos cosas se podía lograr en este caso, ya que la propiedad construida no es un bien que puede operar independientemente del bien al cual está anejado, por cuanto no cuenta con la infraestructura necesaria que le provea electricidad, agua, o la disposición de aguas negras, ya que todos estos servicios se logran a través de la edificación del Demandado-Apelante. No puede ser inscrito y por lo tanto su titularidad no puede ser legalmente transmitida, ya que no cumple con los permisos de uso ni de construcción. Se trata de una edificación que por accesión se hizo formar parte del inmueble previamente construido. ”

Segundo error:

“Erró el Tribunal al considerar la Escritura de Edificación como un mecanismo para transmitir un derecho de superficie. Debió razonar el Honorable Tribunal que el Demandado-Apelante no tenía motivo por el cual concederle un beneficio de usufructo a una persona ajena cuyo único eslabón con el Demandado-Apelante era ser la esposa de su hijo. Debió dar peso a la condición resolutoria incluida en dicha escritura que limitaba dicho usufructo a la condición de que disfrutara la propiedad en compañía del hijo del Demandado-Apelante. ”

Tercer error:

“En la alternativa de que los errores anteriores no muevan al Honorable Tribunal Apelativo a revisar la Sentencia a nuestro favor, y el Honorable Tribunal se sienta solidario con el planteamiento de enriquecimiento injusto en la cual se basa el monto otorgado en el presente litigio, deseamos llamar la atención al error matemático cometido en el cálculo del monto otorgado en la Sentencia. Debe el Honorable Tribunal reconsiderar cuatro datos que influencian la Sentencia; el monto sobre la cual se realiza el cálculo, o sea, el precio de venta de $131,000.00; el monto de dinero recibido por el Demandado-Apelante, o sea, $95,000.00; el error matemático en el cálculo de los pies cuadrados que se le atribuyen al Demandado-Apelante y sobre el cual se basa el monto a pagar; y al hecho de que existe una valorización preparada por un Tasador profesional escogido, aprobado y pagado por todas las partes, cuya valorización de la propiedad fue estipulada por las partes. ”

Oportunamente, la parte apelada sometió su alegato en el que apoya la corrección del dictamen apelado y solicita que el mismo sea ratificado por este Tribunal.
Con el beneficio de ambas comparecencias, y con los autos originales, los cuales solicitamos fueran elevados a este Tribunal, examinemos el derecho aplicable.
II
Nuestro ordenamiento jurídico le ha dado cabida a la figura del derecho de superficie en Puerto Rico. Aunque la misma no está taxativamente contemplada en el Código Civil de Puerto Rico, como tampoco en el Código Civil Español del cual procede el nuestro, distintas disposiciones del propio Código, y en particular de la Ley Hipotecaria sirven de fundamento legal a su eventual reconocimiento. El primero y más básico fundamento descansa en el principio de la autonomía de la voluntad, en el que descansa preponderadamente nuestro derecho contractual, recogido en el Art. 1267 del Código Civil, 31 L.P.R.A. § 3372. En materia de contratos, nuestro Código Civil no pretendió ser exhaustivo al contemplar los distintos modos y sobre qué asuntos obligarse legalmente. En función de la autonomía de la voluntad y los dilatados límites establecidos en el Código Civil sobre contratación, es preciso reconocer la posibilidad de que surjan nuevas y dinámicas figuras cobijadas por nuestro ordenamiento contractual. El principio de la libertad de contratación proclama que las partes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que las mismas no sean contrarias a las leyes, a la moral ni al orden público. Art. 1207, supra. De dicho precepto se deriva, a su vez, del principio de Pacta Sunt Servanda, que postula que las partes quedan obligadas al cumplimiento de lo *395 expresamente pactado y a las consecuencias que se deriven del mismo, conforme a la buena fe, al uso y a la ley. Art. 1210 del Código Civil, 31 L.P.R.A. § 3375.
No hay duda que tales principios amparan la prerrogativa de un titular de un inmueble de ceder o transferir a otra persona el derecho de superficie sobre su propiedad y a que tal convenio sea obligatorio para ambas partes, como ocurre con cualquier otra obligación contemplada taxativamente en el Código.
Sirve, además, de apoyo al reconocimiento de esta figura en Puerto Rico la mención, auque lacónica, de ella en el Art. 1503 del Código Civil, 31 LPRA § 4178. Este artículo dispone en su parte pertinente que “[l]o dispuesto en esta sección no será aplicable a los derechos de superficie y cualquier otros gravámenes semejantes . . .. ”. (Énfasis nuestro.) Tal derecho, en cambio, no se define ni se regula en ese, ni en ningún otro articulado del Código Civil.
La Ley Hipotecaria de 1979, 30 L.P.R.A. § 2001 et. seq., al igual que el estatuto hasta entonces vigente y sus respetivos reglamentos ofrecen un mayor reconocimiento y trato a la figura del derecho de superficie. El profesor Vélez Torres resume tal aporte del derecho hipotecario a esta figura en los siguientes términos:
“La nueva Ley Hipotecaria y su Reglamento contienen varias referencias, expresas o implícitas, al derecho de superficie. Así, al disponer sobre los actos y contratos que se inscribirán en el Registro, el número 1 del Artículo 38 de la Ley se refiere a los títulos constitutivos, traslativos, declarativos o extintivos del dominio de los inmuebles o de los derechos reales o de transcendencia real impuesto sobre lo mismo, y cualesquiera otros que modifiquen algunas de las facultades del dominio sobre bienes inmuebles o las inherentes a dichos derechos reales, aunque no tengan nombre propio. Puede notarse de la lectura del anterior precepto que el lenguaje amplio que contiene el mismo acoge, aunque no lo mencione expresamente, al derecho de superficie, considerado ya por nuestra jurisprudencia como un derecho real inscribible. Además, la Ley, en su artículo 159, párr. 5, 30 LPRA 2454 (5), dispone que es hipotecable, entre otros bienes y derechos, el derecho de superficie. Y en el -número T3~det mismo precepto también re permite la hipoteca'sobre' el' edificio construido efi 'Meló ajeno, pero sin perjuicio del derecho del dueño del terreno. El Reglamento Hipotecario, redactado y adoptado para regir con relación a la nueva Ley Hipotecaria conforme dispone el Artículo 4 de la misma, contiene, en sus artículos 39.1, 39.2, 39.3, 39.4 y 39.5 toda una reglamentación del nacimiento, eficacia y extinción del derecho de superficie. Dichos artículos disponen:

Artículo 39.1 El derecho de superficie podrá constituirse mediante la inscripción del título donde se conceda, sobre el vuelo o bajo el suelo de cualquier finca inmatriculada, sea esta parcela de terreno o edificación.

El~Derecho sobre la edificación en suelo ajeno podrá ser perpetuo o a término. Si nada se dice en el contrato, se entenderá concedido a perpetuidad.

No obstante lo anterior, el reconocimiento más expreso del derecho de superficie en nuestro ordenamiento civil proviene del caso Lozada Ocasio v. Registrador, 99 DPR 435 (1970). En el mismo, el Tribunal Supremo de Puerto Rico acogió esta figura como un derecho de consecuencia real en nuestra jurisdicción, utilizando como telón el análisis legal previamente abordado sobre este tema, particularmente la doctrina de numerus apertus en materia de derecho hipotecario y derechos reales en nuestro ordenamiento inmobiliario. En el referido caso concluyó el Tribunal Supremo, a la pág. 435, que “fijos Lozada, dueños del solar y de la pñmera planta, han cedido y los Contreras han adquirido un derecho de superficie (sobre la casa de los Lozada) y al edificar allí han adquirido un derecho de propiedad sobre la casa que allí construyeron. ’’
Más adelante, en referencia al derecho de propiedad adquirido por los superficiarios de parte de los concedentes, con respecto a lo construido sobre la superficie cedida, puntualizó el Tribunal Supremo, a la pág. 450, que se trata de un derecho real e inscribible.
*396 Citando con aprobación de las comentaristas Puig Peña y Roca-Sastre, el Tribunal Supremo avaló las siguientes definiciones de esta figura propuesta por éstos:
Puig Peña nos da una definición tradicional del derecho de superficie. En su Tratado de Derecho Civil Español, Tomo III, Vol. I (sin fecha), pág. 475, expresa que puede entenderse por derecho de superficie “aquél de naturaleza real por cuya virtud una persona (concedente) otorga a otra (superficiario) el derecho a levantar en el suelo de su propiedad edificios o plantaciones de las que deviene titular el que las hace bajo ciertas y determinadas condiciones. ”
Escribiendo más recientemente, Roca-Sastre se ha expresado como sigue: “Según el concepto moderno, el derecho de superficie es el derecho real de tener o mantener, temporal o indefinidamente, en terreno o inmueble ajeno, una edificación o plantación en propiedad separada, obtenida mediante el ejercicio del derecho anejo de edificar o plantar o por medio de un acto adquisitivo de la edificación o plantación preexistente.”
Véase, además, otras definiciones similares de los siguientes comentaristas: Derecho de Edificación Sobre Finca Ajena y la Propiedad Horizontal, Bosch, Barcelona (1963), pág. 7, y Castán, Derecho Civil Español Común y Foral, Tomo II, Vol. II, lOma. Ed. (1965), pág. 320.
En palabras de Puig Brutau, el derecho de superficie deroga la regla, otrora inflexible, conocida como superficies solo cedit a los efectos de que todo lo edificado cede como accesión o en beneficio del dueño del suelo. Añade que “[a]hora se concibe posible que un sujeto de derecho tenga la propiedad del suelo y otro distinto tenga la del edificio que en el mismo se levante.” Puig Brutau, Fundamentos de Derecho Civil (1953), Tomo III, págs. 503-513.
Por otro lado, conforme señala el Prof. Vélez Torres, “[ejl derecho de superficie puede constituirse por negocios jurídicos inter vivos o mortis causa. En el primer caso, podría ser a título gratuito u oneroso. Sobre la forma a seguir para el acto de constitución, creemos que debe atenderse al principio del consensualismo en la contratación; es decir, no se requiere el cumplimiento de requisito alguno de forma propio de los contratos solemnes, a menos que el acto esté destinado a ser inscrito para acogerse a los beneficios de la publicidad registra!. ”
De ahí que en Puerto Rico, distinto a España, no se requiera la inscripción registral de este derecho como elemento constitutivo para su nacimiento o efectividad, como ocurre con la hipoteca. Obviamente, se requiere de la formalidad de la escritura pública si es que se interesara lograr acceso al Registro de la Propiedad, a lo cual puede aspirar por su condición de derecho con transcendencia real. Para una discusión más amplia en cuanto a la naturaleza no constitutiva de este derecho en Puerto Rico vis a vis su situación en España, véase, Vélez Torres, ob. cit, a las pág. 430-431.
Como ya se ha señalado, la consecuencia que se deriva del derecho de superficie es la titularidad o derecho de propiedad sobre lo allí edificado. De tal derecho dimana, a su vez, la procedencia o validez del reclamo de la apelada de que se le compense por la propiedad de la cual ha sido ilegalmente privada al disponerse de ella sin el consentimiento de su titular. 
Con el beneficio de la orientación doctrinal antes esbozada, procedemos a resolver.
III
Resolvió correctamente el TPI al concluir que la apelada había adquirido un derecho de superficie sobre el lugar donde edificó la segunda planta. De la escritura número seis (6) de fecha 27 de febrero de 1989, ante la notario María V. Chico Millar, surge diáfanamente la cesión gratuita del derecho de superficie a favor de la apelada y su entonces esposo. Si bien se tituló la escritura como un acta de edificación, la realidad es que la *397 misma contenía adicionalmente la transmisión del referido derecho “por tiempo indefinido”. Sobre el particular se dispuso en el párrafo quinto de la escritura “...que la existencia de la edificación descrita en el Hecho Segundo de este instrumento, resulta del derecho de superficie que en este acto ceden y transmiten gratuitamente a DON JOSE HERMINIO RODRIGUEZ JIMENEZ Y DOÑA AIDA ARVELO SOBERAL para que lo gocen y disfruten como superficiarios por tiempo indefinido.” No hay manera de interpretar ese, ni ningún otro lenguaje en la escritura en el sentido de que tal cesión fuera condicionada por los apelantes a que la apelada la disfrutara en compañía de su hijo, como sostiene la parte apelante. Si tal fue su intención, ello no es lo que se refleja en la escritura.
Por otra parte, y distinto a lo que ocurre en otras jurisdicciones, como España, en Puerto Rico, el derecho de superficie no es uno constitutivo, por lo que su inscripción en el Registro de la Propiedad no es una condición esencial para su validez y eficacia. Habiéndose transmitido este derecho, incluso de modo formal mediante instrumento público, la cesión es eficaz y produce todas las consecuencias legales que se le atribuye a esa figura bajo nuestro ordenamiento civil.
Por otra parte, surge también de la escritura el expreso reconocimiento del apelante de que la edificación en controversia se realizó con capital perteneciente a la sociedad legal de gananciales. Lo anterior está además avalado por abundante y convincente prueba documental y testifical, particularmente el historial de préstamos tomados por la apelada en la Cooperativa de Ahorro y Crédito Hermanos Unidos, destinado expresamente a la construcción y mejoras de la vivienda en cuestión por una suma igual o similar a los costos de la misma. En tal sentido, la alegación de los apelantes a los efectos de que había construido la vivienda con su propio pecunio, resulta evidentemente temeraria, a la luz de su propia admisión en la escritura y la prueba que demuestra fehacientemente que se construyó con bienes de la sociedad de gananciales de la apelada y su esposo. Más aún, vista tal alegación a la luz de lo dispuesto sobre el particular en la escritura, ello plantea claramente una violación a la doctrina de los actos propios. Esta doctrina reprueba que en el plano de las relaciones jurídicas los individuos asuman conductas o posturas inconsistentes o contradictorias. Habiéndose representado un hecho de determinada manera, la persona en cuestión queda legalmente obligada frente a terceros por las consecuencias que tal representación legal haya generado. Véase, Lausell Marxuach v. Díaz Yáñez, 103 D.P.R. 533 (1975). Dicha representación genera aún más obligatoriedad cuando, como ocurre en el presente caso, la admisión sobre la condición ganancial de la vivienda surge de un documento formal, como es una escritura pública. Es sabido que los instrumentos públicos gozan de una presunción de corrección, lo que adicionalmente milita en contra de las posturas que en este caso ha asumido la parte apelante en contradicción a lo que expresamente surge de la escritura otorgada por esta parte. En vista de lo anterior, los dos primeros errores alegados no se cometieron.
El tercer error, en cambio, se cometió. Entendemos que el método de valorización acogido por el TPI, además de los evidentes errores matemáticos y de cálculo que contiene, resulta en sí mismo inapropiado para estimar el valor real de la estructura en controversia. En primer lugar, la premisa de la que parte el análisis del valor podría ser defectuoso en la medida que descansa en el hecho de que tanto la primera como la segunda planta tienen el mismo valor. Las características entre una y otra unidad son diferentes y por tanto los criterios de valorización deben ser igualmente distintos atendiendo a esas diferencias. En este aspecto, factores como el acceso, distribución de espacios, facilidades, tipo de construcción y material utilizado, condiciones físicas, entre otros, constituyen criterios que inciden en el valor adjudicable a cada estructura.
El hecho de compartir áreas comunes y de depender la segunda planta de los servicios de agua y electricidad de la planta baja, no justifica de suyo tomar ambas estructuras como una sola. Ello sobretodo habiéndose determinado correctamente por el TPI que la segunda planta pertenecía a la apelada y ex-esposo y, por tanto, se trataba de una unidad de vivienda separada e independiente de la planta baja. Así que cualquier valorización aplicada debe tomar en cuenta esta situación, así como los criterios antes mencionados que recababan un trato diferenciado entre uno y la otra para fines de valorización.
*398 ¿Cuál debe ser entonces el método de valorización más acertado para determinar la compensación que procede ser pagada a la apelada? En los autos de este caso consta como prueba sometida e incluso estipulada por las partes, conforme al Informe sobe Conferencia con Antelación al Juicio, acápite 6, una tasación de la propiedad preparada por el tasador José Rafael Net, el 21 de mayo de 2002. De dicha tasación realizada a la vivienda en cuestión se desprende un valor estimado de $21,500.00 al 7 de diciembre de 2001, cuando se produce la venta del inmueble a unos terceros. Esta tasación fue efectuada precisamente para propósitos de este pleito y, como ya se señaló, fue estipulada por las partes, incluyendo su contenido. No existe en los autos del caso ninguna otra prueba de igual o superior calidad que contradijera la referida prueba.
La tasación de una propiedad realizada por un profesional cualificado y licenciado constituye el método más científico, confiable y preciso para estimar- el valor real de una propiedad. Es el método en el que, tanto la industria financiera, como el mercado de bienes raíces, descansa para estimar el valor de los bienes en transacción. Es, además, un método ampliamente socorrido y utilizado en los litigios judiciales para estimar el valor de bienes en controversia. Las consideraciones anteriores, aconsejaban que se tomara la referida tasación como el método de valorización más apropiado para estimar el valor de la propiedad aquí en disputa.
Dictaminamos en consecuencia, que a la luz de dicha tasación, el valor del inmueble en controversia era de $21,500.00 al momento de su venta por los apelantes. [6] Por tratarse de un bien ganancial, corresponde compensarse a la apelada con la suma de $10,750.00 por ser ésta la mitad del valor de la propiedad, más los intereses que tal deuda haya generado al tipo legal.
Así modificada la Sentencia apelada, se confirma la misma en todo lo demás.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones